NUMBER
13-04-250-CV

 

                         COURT
OF APPEALS

 

               THIRTEENTH
DISTRICT OF TEXAS

 

                  CORPUS
CHRISTI - EDINBURG

___________________________________________________________________

 

EDWARD RAY FULGHAM, JR.,                                   Appellant,

 

                                           v.

 

THE STATE OF TEXAS,                                              Appellee.

___________________________________________________________________

 

                  On
appeal from the 156th District Court

                              of
Bee County, Texas.

 
__________________________________________________________________

 

                              O P I N I O N

 

       Before
Chief Justice Valdez and Justices Hinojosa and Rodriguez

                                Opinion
by Justice Rodriguez

 








Pursuant to Texas
Government Code section 411.081, appellant, Edward Ray Fulgham, Jr., petitioned
the 156th Judicial District Court of Bee County, Texas, to seal his criminal
record relating to a prior felony theft charge. 
See Tex. Gov=t Code Ann. ' 411.081(d) (Vernon 2005).  After a hearing, the trial judge denied
appellant=s petition. 
By two issues, appellant contends (1) the trial court erred by not
conducting a hearing on the issue of whether it is in the best interest of
justice to grant the petition, and (2) the evidence is insufficient to support
the trial court=s decision that it is not in the best interest of
justice to grant his petition.  We
reverse and remand.

I.  BACKGROUND

In 1980,
appellant entered a plea of guilty or nolo contendere to the felony offense of
theft and was placed on deferred adjudication community supervision.  Ten years later, at the end of the period of
supervision, the trial court dismissed the proceedings against appellant and
discharged him from further community supervision.  After waiting ten years, as mandated by
statute, appellant filed a petition for non-disclosure in an attempt to
prohibit criminal justice agencies from disclosing  information related to his deferred
adjudication.  See id.  A hearing was held on appellant=s petition. 
The trial court denied the petition finding that such non-disclosure was
not in the best interest of justice. 
This appeal ensued.

II.  ANALYSIS

By his first issue, appellant argues the trial court erred by not
conducting a hearing on the issue of whether it was in the best interest of
justice to grant the petition.








Under section 411.081 of the government code, after a person files a
petition for non-disclosure, the trial court is to conduct a hearing on (1)
whether the person is entitled to file the petition and (2) whether
issuance of the order is in the best interest of justice.  Id. 
In this case, the trial court convened a hearing.  However, at the hearing, the trial court
heard only testimony addressing the issue of whether appellant met the
statutory requirements for filing his petition.[1]  See id.  The hearing did not address whether issuance
of the order for non-disclosure would be in the best interest of justice.  See id.  We conclude that the trial court erred in
making its ruling without addressing the issue of whether granting the order
would be in the best interest of justice at the hearing.  Appellant=s first issue is sustained.[2]

III.  CONCLUSION

Accordingly, we reverse the decision of the trial court and remand
this case for further proceedings consistent with this opinion.                                                                                                      

NELDA
V. RODRIGUEZ

Justice

 

Opinion delivered and
filed

this 4th day of
August, 2005.

 











[1] 
After the hearing, the trial court found that all statutory requirements
for review of the case were met.





[2]  Given our disposition of this
issue, we need not address appellant=s remaining issue.  See
Tex. R. App. P. 47.1.